# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AXIOM RESOURCE MANAGEMENT, INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

CoFC No. 07-532C
**BID PROTEST**
(JUDGE BRADEN)

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD

**COMES NOW** the Axiom Resource Management, Inc. ("Axiom"), by and through undersigned counsel, and hereby files this Reply in Support of Plaintiff's Motion to Supplement the Record in this matter. By its Motion Plaintiff requests the Court to permit Axiom to supplement the record with certain documents that are necessary for the Court to have a complete understanding of the issues in dispute in this matter as well as the procurement from which this protest arises. Also, the Court's rules state that these documents should be included in the record here. The Government opposes the addition of these documents to the record here because the documents were not considered by the contracting officer in reaching his decision at issue in this Protest. With all due respect to the Government, its analysis is overly mechanical and does not reflect the Court's practice where there has been a prior proceeding at the Government Accountability Office ("GAO").

As we stated in our original motion on this issue, Axiom seeks to add certain documents which were submitted to the GAO in the prior protest of this matter, Axiom Resource Management, Inc., B-298870.3 *et al.*, July 12, 2007, ___ CPD ___. These documents were

addressed in the GAO's decision in that protest. While it is true that as the Court noted in Emerald Coast Finest Produce, Inc. v. United States, 76 Fed. Cl. 445 (2007) that "[A]s a general rule, when considering motions for judgment on the administrative record within the context of a bid protest proceeding, the Court focuses its review on 'the administrative record already in existence,' see Emerald Coast, 76 Fed. Cl. at 448 *citing* Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States, 56 Fed. Cl. 502, 508 (2003), the Court also noted that because "the administrative record is not a documentary record maintained contemporaneously with the events or actions included in it, [internal citations omitted] [it] is therefore, [a]s a practical matter, ... something of a fiction." Emerald Coast, 76 Fed. Cl. at 448. Furthermore, the Court will allow supplementation of the record when the supplementary evidence presented is "evidence without which the court cannot fully understand the issues" or the supplementation is appropriate to aid the Court in understanding "the highly technical nature of the issues. See Al Ghanim, 56 Fed. Cl. at 508; see also Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 158 (1997). This is certainly consistent with the leading case on this point. Esch v. Yeutter, 876 F.2d 976, 991 (D.C.Cir 1989) (supplementation of the record is appropriate when a case is so complex that a court needs more evidence to enable it to understand the issues clearly and in cases where evidence arising after the agency action shows whether the decision was correct or not). Finally, the Government's *ad hominen* attack on the value and veracity of the testimony of MG Adams and Mr. Richards is not well taken. Contrary to the Government's assertions their testimony addresses the specifics of the record and provides insights as to the nature of the work to be performed by the awardee and the context in which those services are provided. See Adams Dec. at ¶¶ 6-9, 12-14, 18-19; Richards Dec. at ¶¶ 11-13. Because the contracting officer's conflict of interest analysis addresses these points and the contracting officer's decision

may be overturned if it is unreasonable, the testimony of the former source selection authority for the Tri-Care Management Authority ("TMA") and the former head of the contracting activity ("HCA") for TMA is relevant. Additionally, these declarations clearly fall within Categories 4 and 5 of Esch.

The Government's argument also fails to address the unique nature of the "record" where there was a prior proceeding on the procurement at the GAO. As we stated in our original filing the Court has previously stated that these documents forming the record at a prior GAO proceeding should be included in the record of a protest because they were before the Comptroller General when the GAO rendered its decision and these documents inform the GAO decision, are referenced therein, and are in the nature of argument before the Court. See SDS Intern. v. United States, 48 Fed.Cl. 759, 765 (2001); Mike Hooks, Inc. v. United States, 39 Fed.Cl. 147, 157-158 (1997). This is also true of documents submitted with the Protester's Comments on the Agency Report. See Mike Hooks, Inc., 39 Fed. Cl. at 158; see also Cubic Applications, Inc. v. United States, 37 Fed. Cl. 339, 344 (1997).

**WHEREFORE** Plaintiff respectfully requests that the Court issue an order supplementing the record with the documents described in Axiom's Motion to Supplement the Record.

Respectfully submitted,

Date: 7/27/07

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St., Suite 307
Manassas, VA 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Plaintiff Axiom Resource Management, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2007, a copy of the foregoing Plaintiff's Reply in Support of its Motion to Supplement the Record was served by electronic mail on Counsel for the United States William G. Kanellis, Esq., United States Department of Justice, Commercial Litigation Branch, 1100 L Street, N.W., Room 8032, Washington, DC 20530.

James S. DelSordo