**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| AXIOM RESOURCE MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | No. 07-532 C |
| Defendant, | ) | (Judge Braden) |
| | ) | |
| and | ) | |
| | ) | |
| LOCKHEED MARTIN FEDERAL HEALTH INSURANCE, INC., | ) | |
| | ) | |
| | ) | |
| Movant for Intervention. | ) | |

**LOCKHEED MARTIN'S MOTION TO INTERVENE**

Pursuant to RCFC 24, Lockheed Martin Federal Health Insurance, Inc. ("Lockheed Martin") respectfully requests that it be permitted to intervene in this bid protest.

**1.** In this bid protest, Axiom Resource Management, Inc. ("Axiom") challenges the award of a task order by the Department of Defense's ("DOD") TRICARE Acquisitions Directorate ("TAD") to Lockheed Martin. The task order at issue involves "Category 2: Program Management Support" services, which require the awardee to "assist [the TRICARE Management Activity ("TMA")] in planning and managing its activities and programs [, including], for example: requirements analysis,

acquisition support, budget planning and management, business process reengineering, program planning and execution support, and independent technical management support." Axiom contends that the award of the task order related to these Category 2 services to Lockheed Martin could result in an impermissible Organizational Conflict of Interest ("OCI") with respect to "Category 3: Product Support" services provided to TMA by a different subsidiary of Lockheed Martin Corporation, *i.e.*, Lockheed Martin Information Technology. It should be noted that the contract for these Category 3 services expires as of December 31, 2007.

**2.** Lockheed Martin should be permitted to intervene in this action as a matter of right. RCFC 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

Lockheed Martin is clearly an "interested party" for purposes of that Rule, as well as under the applicable jurisdictional statute, 28 U.S.C. § 1491 (b) (1). Generally, parties "whose direct economic interest would be affected by the award of the contract or by failure to award the contract" qualify as interested parties and are permitted to intervene in bid protests under RCFC 24. *Galen Med. Assocs., Inc. v. United States*, 56 Fed.

Cl. 104, 108 (2003) (quoting *American Fed. of Gov't Employees v. United States*, 258 F.3d 1294, 1299-1302 (Fed. Cir. 2001)).

Not only does this Court regularly permit contract awardees to intervene in bid protest actions (*e.g.*, *CIGNA Gov't Services, LLC v. United States*, 70 Fed. Cl. 100, 109 (2006); *Four Points By Sheraton v. United States*, 66 Fed. Cl. 776, 777-78 (2005); *International Res. Recovery, Inc. v. United States*, 60 Fed. Cl. 1, 1 & n.2 (2004)), but Lockheed Martin's interest in the award of the Category 2 task order fully justifies intervention in this case. As the Federal Circuit has explained, "the requirements for intervention are to be construed in favor of intervention." *American Mar. Transport, Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989). Indeed, the liberal construction of Rule 24(a)(2) stems from its focus on practicality, a focus that itself was a reaction to the narrower, original, version of the Rule. *See Nortrhop Grumman Info. Tech. v. United States*, 74 Fed. Cl. 407, 412 (2006).

Although the Department of Justice has presumably defended the TMA's award decision at issue in this bid protest in a zealous manner, Lockheed Martin is in the best position to describe to the Court issues related to its mitigation plan related for potential OCIs as well as the harm Lockheed Martin will suffer in the event the Court permanently enjoins the issuance of the Category 2 task order (or limits its scope in any way). Moreover, Lockheed Martin's business interests as the awardee are not

necessarily identical with, and may differ from, the United States' institutional interest in this matter.

**3.** Lockheed Martin's application for intervention is timely. In evaluating timeliness, the Court should consider (1) the length of time during which the movant/intervenor knew (or reasonably should have known) of its rights; (2) potential prejudice to the existing parties; and (3) whether unusual circumstances "militat[e] either for or against a determination that the application is timely." *Belton Indus., Inc. v. U.S.*, 6 F.3d 756, 762 (Fed. Cir. 1993). Although Lockheed Martin has been aware of this protest since it was filed, *see* Sept. 28, 2007 Op. at 38 n.24, Lockheed Martin does not automatically intervene in all bid protests filed by competing offerors. Instead, Lockheed Martin, like many contractors providing services to the Government, often relies on the Government, which has interests generally aligned with the awardee, to defend the Agency's procurement decision.

In this case, the Court has issued an interlocutory decision in which it "determined that the [Contracting Officer] abused his discretion in violation of FAR § 9.5 by awarding the Task Order to Lockheed Martin, without developing a mitigation plan that does not afford Lockheed Martin any significant competitive advantages, is enforceable, *i.e.*, subject to court order, and otherwise does not impose any anticompetitive effects on future competition." Sept. 28, 2007 Op. at 38. The Court has not yet determined, however, "whether the public interest requires the issuance of an

injunction and the elements thereof." Before the Court decides what relief is appropriate, it has sought an amicus brief from the Bureau of Competition of the Federal Trade Commission concerning:

> (1) whether Lockheed martin should be required to divest existing Category 3 contracts, if the current Category 2 award stands; (2) whether current "TMA Policy" and Lockheed Martin's voluntary mitigation efforts are sufficient to ameliorate the conflicts of interest at issue; and (3) whether the non-disclosure agreements that Lockheed Martin has required Plaintiff's former employees to sign or other mitigation proposals may foreclose future competition for these services when the current Task Order expires in three years.

*Id.* at 39.

As previously discussed, Lockheed Martin is in the best position to provide the Court information with respect to its mitigation plan and the manner in which it eliminates potential OCIs that arise when different subsidiaries provide services such as the Category 2 activities at issue in the subject task order, and the Category 3 services currently scheduled to be performed by Lockheed Martin Information Technology until December 31, 2007. Movant/Intervenor should be permitted to intervene to protect its interest by providing that explanation in all future proceedings in this bid protest, including any potential proceedings before the Federal Circuit.

More fundamentally, Lockheed Martin should be permitted to intervene at this time so that it can meaningfully address the Court's questions regarding the alleged anticompetitive effects of its OCI mitigation plan. Specifically, the Court has requested

an opinion from the FTC regarding potential divestiture of Lockheed Martin's existing Category 3 contract (which expires at the end of 2007), as well the effects on "future competition for these services" from the non-disclosure agreements Lockheed Martin has already required. *See id.* Those issues, and the potential that the Court would seek assistance from the FTC, were not presented by the Complaint; as such, Lockheed Martin's request to intervene in the case at this time is timely.

Permitting Lockheed Martin to intervene to protect its rights and interests will not prejudice the existing parties in any meaningful way. Lockheed Martin currently intends to protect its rights as intervenors generally do in bid protests before the Court, *i.e.*, to file briefs and make arguments in tandem with the government. Axiom's interest will not be harmed any more than the typical plaintiff in a bid protest action, who must litigate against aligned parties.

**4.** Lockheed Martin seeks to intervene so that its counsel can obtain access to the protected record and defend movant/intervenor's interests at issue in this lawsuit. For the reasons explained above, Lockheed Martin respectfully urges the Court to grant its motion to intervene at this time.

Respectfully submitted,

s/ Marcia G. Madsen

---

MARCIA G. MADSEN
MAYER BROWN LLP
1909 K Street, NW
Washington, D.C. 20006
(202) 263-3000
(202) 263-3300 Facsimile

Of Counsel:

LUKE LEVASSEUR
MELISSA BAKER
MAYER BROWN LLP
Washington, D.C.
*Counsel for Movant/ Intervenor, Lockheed Martin Federal Health Insurance, Inc.*
November 16, 2007