**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AXIOM RESOURCE MANAGEMENT, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | CoFC No. 07-532C<br>**BID PROTEST**<br>(JUDGE BRADEN) |

**PLAINTIFF'S RESPONSE TO LOCKHEED MARTIN'S MOTION TO INTERVENE**

**COMES NOW** Plaintiff Axiom Resource Management, Inc. ("Axiom"), by and through undersigned counsel, and in accordance with CFCR 7.2(a) hereby files this Response to Lockheed Martin's ("LM's") Motion to Intervene. LM seeks to intervene in this matter under CFCR 24(a). LM's Motion comes over a month after the Court's publication of its decision finding that the contracting officer had abused his discretion in awarding a task order to LM in the face of an unmitigated organizational conflict of interest ("OCI") on LM's part. According to the Court's decision all that remains for it to determine is if the public interest demands that the Court grant Axiom's request for equitable relief in light of the contracting officer's abuse of discretion. The Court has discretion to grant or deny LM's Motion, and the Court must determine if the Motion is timely and does not harm the interests of Axiom.

**A. Intervention under CFCR 24**

LM asserts that its motion is to be considered under CFCR 24(a) which states:

> **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(emphasis in original); however, LM cannot seek intervention under this rule because there is no "statute of the United States [which] confers an unconditional right to intervene" in this matter. The Court's jurisdiction here is governed by the Administrative Disputes Resolution Act ("ADRA"), 28 U.S.C. § 1491(b)(1), which confers no automatic right by an awardee to intervene in bid protests by a disappointed offeror. See American Federation of Government Employees, AFL-CIO v. United States, 258 F.3d 1294, 1302 (Fed. Cir. 2001); The Centech Group, Inc. v. United States, 78 Fed. Cl. 496, 504 (2007). Therefore, LM must seek permissive intervention under CFCR 24(b) which states:

> **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(emphasis in original). While Axiom agrees that LM is an "interested party" as that term is defined in the American Federation of Government Employees case, the Court must still determine if the motion is timely and it does not prejudice or delay the adjudication of Axiom's rights. See Honeywell Intern., Inc. v. United States, 71 Fed. Cl. 759, 762 (2006); Klamath Irrigation District *et al.* v. United States, 64 Fed. Cl. 328 (2005). In making these inquiries the Court enjoys considerable discretion. Id.

**B. Is the Motion Timely?**

While LM contends that its motion is timely, it comes over a year after this litigation began at the Government Accountability Office ("GAO"). Also although this Court has not entered a final decision in this matter, the record only remains open for one permissive filing by the Federal Trade Commission ("FTC"), a filing which the FTC has not even indicated whether it will provide. Therefore, in the context of bid protests, LM's motion comes as close to the proverbial "11th" hour as possible. While the Court may find that the intervention is permitted under Honeywell, it could just as easily find that LM made a "tactical decision" to sit on the sidelines while Axiom and the Government resolved this matter and determine that LM may not intervene. See Honeywell International, Inc., 71 Fed. Cl. at 762; see also Belton Indus., Inc. v. United States, 6 F.3d 756, 760 (Fed. Cir. 1993). Based on the Court's prior decisions the decision of timeliness clearly rests on whether Axiom or the Government are prejudiced by LM's last minute decision to participate here.

**C. Prejudice to Axiom**

From Axiom's perspective it will be prejudiced if LM is permitted to intervene here and either delays the Court's final resolution of the contracting officer's abuse of discretion or re-litigates matters already decided by the Court. Of particular concern is LM's statement that one of its purposes here is to permit its counsel "access to the protected record." LM Motion at 6. If LM is permitted to intervene, its counsel is free to seek admission to the Protective Order; however, that should not be a basis for disturbing the Court's stated schedule nor providing an opportunity for LM to raise new issues or re-

litigate what has already been decided by the Court. If the Court's order granting intervention addresses these matters, then Axiom would have no objection to LM's intervention.

**WHEREFORE** Plaintiff respectfully requests that the Court issue an order permitting LM to participate in this matter but preventing LM from delaying a resolution of the parties' rights through review of the record or any other basis and preventing LM from re-litigating matters already decided by the Court.

Respectfully submitted,

Date: 11/30/07

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, VA 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Plaintiff Axiom Resource Management, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November 2007, a copy of the foregoing Response to Motion to Intervene was served by electronic mail on:

Counsel for the United States William G. Kanellis, Esq., United States Department of Justice, Commercial Litigation Branch, 1100 L Street, N.W., Room 8032, Washington, DC 20530; and

Counsel for Lockheed Martin, Marcia Madsen, Mayer Brown, LLP, 1909 K St., NW, Washington, DC 20006.

James S. DelSordo