**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| AXIOM RESOURCE MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | No. 07-532 C |
| Defendant, | ) | (Judge Braden) |
| | ) | |
| and | ) | |
| | ) | |
| LOCKHEED MARTIN FEDERAL HEALTH INSURANCE, INC., | ) | |
| | ) | |
| | ) | |
| Movant for Intervention. | ) | |

**LOCKHEED MARTIN'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE**

Movant for intervention, Lockheed Martin Federal Health Insurance, Inc. ("Lockheed Martin"), respectfully submits this reply in support of its motion to intervene in this bid protest.

In its response to the subject motion to intervene, plaintiff Axiom Resource Management, Inc. ("Axiom") does not dispute that, as the awardee of the task order at issue in this lawsuit, Lockheed Martin should be permitted to intervene in this bid protest action. Pl. Nov. 30 Resp. Br. at 4 (Axiom "requests that the Court issue an order permitting [Lockheed Martin] to participate in this matter"). However, Axiom requests that Lockheed Martin's intervention be qualified, and that the Court's order "prevent[] [Lockheed Martin] from delaying a resolution" of the case. Although Lockheed Martin does not intend to attempt to delay the resolution of this

case, any order admitting Lockheed Martin should not be qualified as Axiom requests, as such a qualification would be inconsistent with Lockheed Martin's right under RCFC 24(a) to intervene in this case and participate fully as a party.

Axiom's request that Lockheed Martin's intervention be restricted by the Court appears to be based on an erroneous understanding of the authority for Lockheed Martin's motion. In its brief, Axiom asserts that Lockheed Martin cannot intervene "of Right" under RCFC 24(a) because "there is no 'statute of the United States [which] confers an unconditional right to intervene' in this matter." Pl. Nov. 30 Resp. Br. at 2. But Lockheed Martin's motion to intervene was not based on the first *(i.e.*, statutory) prong of RCFC 24(a). Instead, our motion made clear that Lockheed Martin's right to intervene arises from the second prong of Rule 24(a), *i.e.*, that as the awardee of the task order at issue in the bid protest, Lockheed Martin has an "interest relating to the . . . transaction which is the subject of the action." LM Nov. 16 Mot. at 2-4.[1] Axiom failed to address the actual basis of Lockheed Martin's right to intervene.

[1] Axiom's reliance on the "interested party" analysis in *American Fed. of Government Employees, AFL-CIO v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2001), misses the mark. There, the Federal Circuit agreed that federal employees and their unions lacked standing under 28 U.S.C. § 1491(a) to protest the outcome of a cost comparison performed in a competition under Office of Management and Budget Circular No. A-76. That employees lacked standing to protest an A-76 competition in this Court, because they were not within the zone of protected interests under the Federal Activities Inventory Reform Act, is completely irrelevant to whether an awardee in a services procurement can intervene. Nothing in the cases cited by plaintiff undermines this Court's precedents, which regularly permit awardees to intervene in bid protests. *See* LM Nov. 16 Mot. at 3.

Because Lockheed Martin has a right to intervene under Rule 24, it does not need to "seek permissive intervention under [RCFC] 24(b)," as Axiom contends. Pl. Nov. 30 Resp. Br. at 2. What is more, because Lockheed Martin's ability to intervene is "of Right," Axiom's further assertion that "the Court enjoys considerable discretion" when determining "if the motion is timely and [whether it will] prejudice or delay the adjudication of Axiom's rights" cannot be supported.

Lockheed Martin's motion to intervene is timely for the numerous reasons explained in our motion. LM Mot. at 4-6. Although Axiom raises questions regarding the timing of Lockheed Martin's motion, it does not dispute that our request was timely filed. Accordingly, Axiom provides no basis to deny Lockheed Martin's request that it be permitted to intervene pursuant to RCFC 24(a).

Finally, plaintiff notes that "from Axiom's perspective it will be prejudiced if [Lockheed Martin] is permitted to intervene here and either delays the Court's final resolution . . . or relitigates matters already decided by the Court." Pl. Nov. 30 Resp. Br. at 3. As we previously explained, Lockheed Martin seeks to intervene so that its counsel can obtain access to the protected record and defend movant/intervenor's interests at issue in this lawsuit. LM Nov. 16 Mot. at 6. Lockheed Martin understands that the Court ultimately determines what issues will be addressed and when specific questions will litigated. Although movant/ intervenor does not seek to improperly delay resolution of this lawsuit, Lockheed Martin will zealously protect its rights within the confines of the Court's Rules.

For the reasons set forth above and in our November 16 motion, the Court should grant Lockheed Martin's motion to intervene without qualification.

Respectfully submitted,

s/ Marcia G. Madsen

MARCIA G. MADSEN
MAYER BROWN LLP
1909 K Street, NW
Washington, D.C. 20006
(202) 263-3000
(202) 263-3300 Facsimile

Of Counsel:
LUKE LEVASSEUR
MELISSA BAKER
MAYER BROWN LLP
Washington, D.C.
*Counsel for Movant/ Intervenor, Lockheed Martin Federal Health Insurance, Inc.*
December 3, 2007