# In the United States Court of Federal Claims

No. 07-532C
Filed: December 20, 2007

*************************************

AXIOM RESOURCE MANAGEMENT, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

LOCKHEED MARTIN FEDERAL HEALTH INSURANCE, INC.,

Intervenor.

*************************************

**SHOW CAUSE ORDER**

On September 28, 2007, the United States Court of Federal Claims held that the Contracting Officer violated Federal Acquisition Regulation § 9.504(e) in awarding Lockheed Martin Federal Health Insurance, Inc. ("Lockheed Martin") a contract in response to Request for Quotation No. 154160. *See Axiom Res. Mgmt.* v. *United States*, 2007 U.S. Claims LEXIS 314, at *79 (Fed. Cl. Sept. 28, 2007). In that decision, the court identified three specific considerations relevant to what relief was appropriate: "(1) whether Lockheed Martin should be required to divest existing Category 3 contracts, if the current Category 2 award stands; (2) whether current "TMA Policy" and Lockheed Martin's voluntary mitigation efforts are sufficient to ameliorate the conflicts of interest at issue; and (3) whether the non-disclosure agreements that Lockheed Martin has required Plaintiff's former employees to sign or other mitigation proposals may foreclose future competition for these services when the current Task Order expires in three years." *Id*. at *84. On November 16, 2007, Lockheed Martin moved to intervene. On December 3, 2007, the court granted that motion.

On December 17, 2007, the court convened a telephone conference to consider the parties' views on the considerations identified. The court convened a second telephone conference on December 19, 2007 to hear the parties' additional views regarding the appropriate relief. Although the Government and Lockheed Martin were willing to include an expanded mitigation plan into a

contract modification and incorporate the same into a court order, the Government was unwilling to allow an independent auditor to file an annual report with the court regarding compliance.

It has come to the court's attention that the United States Army Audit Agency ("USAAA") has the capacity to perform the compliance function the court believes is necessary to insure that the mitigation plan is implemented. *See* http://www.hqda.army.mil/aaaweb/ (the "[USAAA] serves America's Army by providing *objective and independent* auditing services[,] helps the Army make informed decisions, resolve issues, use resources effectively and efficiently, and satisfy statutory and fiduciary responsibilities.") (emphasis added). Accordingly, the court convened a telephone conference on December 20, 2007, wherein, the Government was ordered, by January 15, 2008, to show cause why the court may not enter an order that designates the United States Army Audit Agency to submit an annual report, during the term of the contract, to the court regarding compliance with the proposed mitigation plan.

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**