IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AXIOM RESOURCE MANAGEMENT, INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant. | CoFC No. 07-532C<br>**BID PROTEST**<br>(JUDGE BRADEN) |

**PLAINTIFF'S OPPOSITION TO THE**
**GOVERNMENT'S MOTION TO STAY THE COURT'S ORDER**

**COMES NOW** Plaintiff Axiom Resource Management, Inc. ("Axiom"), by and through undersigned counsel, and in accordance with the Court's Scheduling Order hereby files this Opposition to the Government's Motion to Stay the Court's Order, dated February 26, 2008. Because the Government has not stated a substantive basis for the staying of the Court's order, there is no need for the relief, and the Government's contracting officer is engaged in a campaign to retaliate against Axiom, the Court should not grant the requested stay.

## I. Factual Background

Axiom brought this action protesting the failure of the United States Department of Army (the "Army"), through its Contracting Officer, Daniel Signore, U.S. Army Medical Research Acquisition Activity, Fort Detrick, Maryland to comply with the terms of Request for Quotations No. 154160 (under Contract No. GS-10F-0065N) (the

"Solicitation" or the "RFQ") and the requirements of the applicable statutes and regulations in the evaluation of Axiom's proposal submitted in response to the RFQ.

Specifically, although Axiom advised the Army of deficiencies in the agency's evaluation of Axiom's proposal after the initial contract award, the Army took no action to address these deficiencies and has apparently re-confirmed its award decision. Consequently, the Army's technical evaluation remains defective in that it failed to properly score Axiom's technical proposal, and failed to properly evaluate Axiom's past performance. Furthermore, although the Army claimed to the Comptroller General that it intended to take corrective action including conducting further analysis with regard to the organizational conflict of interest ("OCI") identified by Axiom and issue a new source selection decision, the Army has simply ignored the problem and decided to go forward with the contract awarded to Lockheed Martin Federal Healthcare ("LMFH"). Such action was clearly improper because the awardee possessed an OCI, its alleged mitigation plan was inadequate, and there was a strong potential for future OCIs that the Government failed to consider or adequately address.

The Government twice claimed it was going to take corrective action to resolve the OCI issue; however, the record in this matter demonstrated that the Army utterly failed to understand the nature of the services being procured here, the nature of the organization for which these services are to be provided, and the nature of the OCIs caused by the award to LMFH. Additionally, the agency's failure raised the real possibility of future OCIs because of LMFH's performance of this contract.

In this protest Axiom sought an order enjoining the Government from taking the actions described above or in the alternative enjoining the Army from employing the

funds obligated to the performance of a contract to provide the services required under Request for Quotations No. 154160 of any contract awarded to LMFH or any entity other than the Plaintiff for these services. Finally, Axiom also sought its attorney's fees and its costs in bringing this action.

The Court entered judgment in this matter on February 26, 2008 finding that the contracting officer's actions were arbitrary and capricious and enjoining the Government from exercising the option for work after July 18, 2008 under the contract awarded to LMFH. The Court also ruled that Axiom was entitled to seek its attorney's fees and request payment of its bid and proposal costs associated with this procurement. The Government filed its Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") on April 29, 2008. Subsequently, on June 18, 2008, the Government announced its intention to seek proposals under the TRICARE Evaluation, Analysis, and Management Support Program ("TEAMS"), Axiom Contract No. W81XWH-08-D-0024 multiple award contract (the "TEAMS Contract") for the work currently being performed by Lockheed Martin ("LM") under the RFQ (the "TPOD/OGC procurement").

Additionally, on June 18, 2008, the Army's contracting officer for TEAMS, Dan Signore informed Axiom that he had identified Axiom as having OCI allegedly relating to the fact that one of the principals of Axiom, Kevin Riley, is married to Barbara Kinosky, one of the principals of Centre Consulting ("Centre") who Signore inaccurately claims is performing Category 1 work as a subcontractor to a company called Intellidyne. As a result, Mr. Signore asserted that Axiom would not receive any future TEAMS RFPs and that Axiom would only be permitted to bid on TPOD/OGC procurement while the

Court's order, dated February 26, 2008, remained in effect. Axiom has subsequently learned that Mr. Signore has specifically excluded Axiom from bidding on several new procurements issued under TEAMS. Axiom filed a protest of this exclusion with the Government Accountability Office ("GAO") on June 27, 2008; however, Axiom intends to withdraw its suit at the GAO and refile that protest at this Court. See Exhibit 1, Axiom's Notice of Bid Protest under RCFC, App. C.

## II. Argument

The Government correctly cites the standard for the Court's consideration of the Government's motion:

1. Likelihood that [the movant] will prevail on the merits on appeal;
2. Irreparable injury to [the movant] unless the stay is granted;
3. No substantial harm to the other interested parties if the stay is granted; and
4. No harm to the public interest.

See Government Motion at 3; see also Alaska Cent. Express, Inc. v. United States, 51 Fed. Cl. 227 (2001). However, the Government has provided no basis for the Court to grant the requested relief.

As the Government admits in its motion the Court is unlikely to agree that the Government is likely to have success on the merits at the Federal Circuit. As the Court is obviously aware, it only issued its order after repeated attempts to reach a resolution of the Government's actions. The Government contends that its position on appeal is that the Court improperly supplemented the record and accepted testimony from outside experts and that the Court's injunction was an unprecedented intrusion into the

Government's discretion. The Government's substantive points are in error. This Court has repeatedly supplemented the record in bid protests and there is a substantial body of case law identifying when this is appropriate. See Vantage Associates, Inc. v. U.S., 59 Fed. Cl. 1 at 13 (2003) (this Court has stated where the parties will file or have filed cross motions for judgment on the record under CFCR 56.1 information outside of the administrative record may be considered by the Court by stipulation or by order of the Court) *citing* Esch v. Yeutter, 876 F.2d 976, 991 (D.C.Cir 1989); see also ABF Freight System, Inc. v. United States, 55 Fed. Cl. 392, 395 (2003) (parties may supplement the administrative record in certain limited situations to "preserve a meaningful judicial review."); Rust Constructors, Inc. v. United States, 49 Fed. Cl. 490, 493 (2001); North Carolina Div of Servs. For the Blind v. United States, 53 Fed. Cl. 147, 158 (2002) *aff'd,* 60 Fed. Appx. 826 (Fed. Cir. 2003); see also Aero Corp., S.A. v. United States, 38 Fed. Cl. 408, 411 (1997).

As to the Court's injunction order, the Government refused all of the Court's suggested courses of conduct and the Court entered a narrow order enjoining the exercise of further options under the LM Contract. The Government then had at least four and a half months to determine a course of action, and it decided to appeal the Court's order over two months ago. The Government now has decided to obtain the required services under the TEAMS contract vehicle; therefore, the requested relief is unnecessary and moot.

The Government asserts that it will face irreparable injury if the work is awarded under another contract vehicle because supposedly the Federal Circuit will dismiss the Government's appeal without hearing it on the merits. The chance of such action is

unlikely since award under another contract vehicle would not render moot the Court's determination that the Army acted arbitrarily and capriciously, LM has also appealed the Court's order, and such an award would not eliminate that portion of the Court's order relating to Axiom's entitlement to damages which would still require the Federal Circuit to consider the merits of the Court's order on appeal.

Additionally, it is not true that staying the Court's order would not substantially harm another entity. Axiom would certainly be harmed. The Federal Acquisition Regulation ("FAR") sets forth specific guidelines and procedures which a Government agency must follow before it can suspend or debar a contractor from doing business with the Government. See 48 CFR § 9.406-3. Despite these requirements Axiom has never been afforded an opportunity to address the Government's alleged concerns about the supposed OCI between Axiom and Centre nor has the Government performed the necessary actions to levy such a sanction on Axiom. Rather, the Government has announced an alleged and supposed OCI on the part of Axiom in order to effectively *de facto* debar Axiom from further TEAMS procurements. Even if the Government has identified a potential OCI on Axiom's part the resolution is not to debar (*de facto* or *de jure*) Axiom from TEAMS; instead, Axiom should be permitted to submit proposals and address the OCI or propose potential mitigation plans which would then be evaluated by the contracting officer. See Greenleaf Construction Co., Inc., B- 293105.21 *et al.*, April 4, 2007, 2007 CPD ¶ 84; PURVIS Sys., Inc., B-293807.3 *et al.*, Aug. 16, 2004, 2004 CPD ¶ 177. Staying the Court's order would have the effect of completely barring Axiom from competing for the work that was the subject of this protest.

As to the Government's unprecedented action in moving up the due date for proposal submission from July 7, 2008 to June 20, 2008, this action has the effect of providing the incumbent contractor, Lockheed Martin, with an overwhelming competitive advantage over the other offerors. While an agency generally has the right to manage its procurements in the manner it sees fit, where the agency's actions lack a reasonable basis the Comptroller General will overturn the agency's judgment. See Oceanometrics, Inc., B- 278647 *et al.*, June 9, 1998, 98-1 CPD ¶ 159; Continental Airlines, Inc., B-258271.4, July 31, 1995, 97-1 CPD ¶ 81.

The Government also provided the incumbent contractor, Lockheed Martin, a prohibitive competitive advantage by limiting the length of technical proposals to only 20-pages (excluding past performances and resumes). The work supported by the TPOD/OGC contract supports over $35 billion in defense procurement. A non-incumbent challenger could not possibly describe a comprehensive technical approach to this work in such a small amount of space. The Government established a 25-page limit for 2006 proposals on this same work. To make matters worse, when Axiom submitted a question asking where the proposal's Quality Control Plan should be placed, the Government replied that this Quality Control Plan information should be provided *within the already-impractical 20-page limit*. In virtually all solicitations Axiom has received for TEAMS work in 2008, the QCP was to be provided by vendors in an appendix, as a non-page limited item. These factors, taken together, provide the incumbent Lockheed with a prohibitive competitive advantage over Axiom.

Here the agency has known that it needed to procure the services represented by the TPOD/OGC procurement in February 2008. See Axiom Resource Management, Inc.

v. United States, 80 Fed. Cl. 530, 539 (2008). Despite this knowledge the Army waited until June 18, 2008 to seek proposals for this work. By giving the offerors twelve (12) days to respond improperly weights the procurement to the advantage of the incumbent. The Comptroller General must overturn the Army's action and recommend that the offerors be provided more time and space to respond to the TPOD/OGC RFP. The Government has subsequently permitted the offerors until 8 am on July 3, 2008 to provide revised proposals on the QCP issue; however, the bidding cycle is still overly favorable to LM and Axiom is still operating under the knowledge that the Army through Mr. Signore will employ the trumped up OCI charge to refuse to make an award under the TPOD/OGC to Axiom.

It is beyond a doubt that the public's interest lies in its ability to have faith in the procurement process and for offeror's to receive an effective remedy when the Government violates those rules. As the Court of Federal Claims stated in Logicon, Inc. v. United States, 22 Cl. Ct. 776 (1991), the concept of a level playing field is at the heart of the federal procurement system.

Permitting the Government to corrupt the competitive process in the fashion it intends and permitting the continuing performance of an illegally awarded contract exposes the Government to needless expense, is contrary to statute, and is simply unfair to the Plaintiff; therefore, the Court should immediately enjoin the Government's course of action.

**WHEREFORE** Plaintiff respectfully requests that the Court deny the requested relief.

Respectfully submitted,

Date: 7/2/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, VA 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Plaintiff Axiom Resource Management, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2008, a copy of the foregoing Opposition to the Government's Motion to Stay was served by electronic mail on:

Counsel for the United States William G. Kanellis, Esq., United States Department of Justice, Commercial Litigation Branch, 1100 L Street, N.W., Room 8032, Washington, DC 20530; and

Counsel for Lockheed Martin, Marcia Madsen, Mayer Brown, LLP, 1909 K St., NW, Washington, DC 20006.

James S. DelSordo